1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TOMMY LONNELL RAMSEY, JR.,                    CV F   03 6173 REC LJO P

                Plaintiff,          ORDER DISMISSING COMPLAINT WITH
                                LEAVE TO AMEND (Doc.  10.)

   v.

                                  ORDER DIRECTING CLERK OF COURT TO
BAILLIE, et. al.,                             SEND BLANK FORM TO PLAINTIFF

                Defendants.
_____/

      Tommy Lonnell Ramsey, Jr.  ("Plaintiff") is a state prisoner proceeding pro se and in

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**A.  SCREENING REQUIREMENT**

      The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  **B. SUMMARY OF COMPLAINT**

13      The events at issue in this action arose out of High Desert State Prison (HDSP) where

14  plaintiff was incarcerated before his transfer to Corcoran State Prison (COR).  Plaintiff names

15  Correctional Officer R. Baillie, Cpt. J.M. Briddle, Sergeant K. Clement, Correctional Officer D.

16  D.  Shaver, Correctional Counselor K. Baughman, Associate Warden M. Evens, Lieutenant S.

17  Kerts, Special Agent D.T. Hawkes, Appeals Coordinator H. Wagner, Associate Warden V.

18  Yamamoto, and Lieutenant J.F. Norlin.

19      Plaintiff has provided the Court with a detailed narrative of the events surrounding his

20  validation as a Black Guerrilla Family (BGF) gang member that span almost a year.  Rather than

21  repeat word for word the narrative, the Court will briefly summarize the relevant facts.

22      Plaintiff alleges generally that Defendant Baillie fabricated information that was used to

23  ultimately validate Plaintiff as a gang member and that other Defendants named knew this and

24  relied on the information.  Plaintiff alleges generally that he was denied an Employee Assistant at

25  a "disciplinary" hearing but the facts do not make clear whether Plaintiff is really referring to the

26  gang validation and not a separate disciplinary proceeding.   Plaintiff repeatedly asserts that he is

27  not a gang member and that Defendants wrongfully attempted to force Plaintiff to debrief.

28  Plaintiff was detained in the debriefing building which placed him in danger.

1

**C. CLAIMS FOR RELIEF**

2

*1. Linkage Requirement*

3

The Civil Rights Act under which this action was filed provides:

4

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In the Amended Complaint, Plaintiff attempted to remedy the linkage requirement.  However, some of the events at issue remain unclear.  For example, it is clear that Plaintiff is making claims surrounding gang validation hearing but it is unclear when this hearing occurred, what rights were denied at this particular hearing and who was involved in the denial of those rights.  Plaintiff indicates that certain rights were denied him at a hearing by Defendants Clement and Shaver and then states that the same or similar rights were denied by Defendants Norlin and Hawkes.   The Court will provide Plaintiff the relevant law where it can and provide Plaintiff with yet another opportunity to amend his complaint and make the claims more clear.   Plaintiff should note that the fact that the Court requires more specific information or facts from Plaintiff does not mean that Plaintiff should make his Complaint longer.  Plaintiff should be able to state briefly and specifically who did what, on which day and how that violated a certain specific right.

*2. Due Process*

1    The Due Process Clause protects prisoners from being deprived of liberty without due

2    process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

3    action for deprivation of procedural due process, a plaintiff must first establish the existence of a

4    liberty interest for which the protection is sought.  The Due Process Clause itself does not confer

5    on inmates a liberty interest in being confined in the general prison population instead of

6    segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  In Sandin v. Conner, 515 U.S.

7    472 (1995), the Supreme Court abandoned earlier case law which had held that states created

8    protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84.

9    Instead, the Court adopted an approach in which the existence of a liberty interest is determined

10   by focusing on the nature of the deprivation. Id.  In doing so, the Court held that liberty interests

11   created by prison regulations are limited to freedom from restraint which "imposes atypical and

12   significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

13   Where a protectable liberty interest exists, the Supreme Court has set out the following

14   procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of

15   the charges; (2) at least 24 hours between the time the prisoner receives written notice and the

16   time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the

17   fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of

18   the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly

19   hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where

20   the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnell, 418

21   U.S. 539, 556 (1974).

22   In this case, Plaintiff's allegations that he was placed in administrative segregation or in

23   the debriefing holding area does not establish a liberty interest entitling him to procedural due

24   process. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process

25   claim fails because he has no liberty interest in freedom from state action taken within sentence

26   imposed and administrative segregation falls within the terms of confinement ordinarily

27   contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.

28   2000) (plaintiff's placement and retention in the SHU was within range of confinement normally

4

1   expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no

2   protected liberty interest in being free from confinement in the SHU) (quotations omitted).

3   Similarly, Plaintiff is not entitled to an Employee Assistant or written explanation as to why he

4   was not provided these things.

5          Assuming that confinement in the SHU for an indeterminate period pursuant to gang

6   validation implicates a liberty interest, Plaintiff may have sufficient facts to allege a violation of

7   due process in that he contends he was not afforded the opportunity to be heard. Toussaint v.

8   McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (Plaintiff is entitled to adequate notice, an

9   opportunity to be heard, and periodic review.); Morris v. Cambra, No. C 96-0334 SI, 1997 WL

10  811774, at *3 (N.D. Cal. Dec. 15, 1997); Hart v. Cambra, No C 96-0924 SI, 1997 WL 564059, at

11  *4 (N.D. Cal. Aug. 22, 1997).  However, because Plaintiff does not state with any specificity

12  whether he is challenging a disciplinary proceeding, a  gang validation proceeding, or gang

13  rehearing, the Court cannot state with certainty that Plaintiff sufficiently states a cognizable claim

14  for relief.

15         In addition, there must be "some evidence in the record" to support the decision to

16  segregate the inmate, and this evidence "must have "some indicia of reliability." Superintendent

17  v. Hill, 472 U.S. 445, 454 (1985)).  Plaintiff's contentions that the evidence relied on was

18  insufficient in that it was fabricated may also be sufficient to give rise to a due process claim,

19  however, Plaintiff does not indicate specifically the roles any of the Defendants played in the

20  gang validation process.  Although Plaintiff states that certain individuals relied on fabricated

21  evidence, it is unclear at which proceeding such evidence was relied on.

22      *3. Retaliation*

23         Allegations of retaliation against a prisoner's First Amendment rights to speech or to

24  petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

25  (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

26  Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege

27  and show that defendants acted to retaliate for his exercise of a protected activity, and

28  defendants' actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31

5

1    F.3d 813, 816 (9th Cir. 1994); Pratt, 65 F.3d at 807.  The injury asserted in retaliation cases is the

2    retaliatory conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v.

3    Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

4          Here, Plaintiff alleges that he was denied his First Amendment right to be free from

5    retaliation.  However, the First Amendment makes no such guarantee.  Other than this assertion,

6    Plaintiff does not allege facts sufficient to state a cognizable retaliation claim under the First

7    Amendment.

8          *4. Eighth Amendment*

9          Plaintiff alleges that his placement in "debriefing" for a period of twenty-one days where

10   he was encouraged to undergo debriefing constituted deliberate indifference

11         Plaintiff raised this same allegation in the initial complaint and was provided with the

12   relevant law.  To constitute cruel and unusual punishment in violation of the Eighth Amendment,

13   prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v.

14   Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,

15   prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

16   personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

17   Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from

18   unsafe conditions of confinement, prison officials may be held liable only if they acted with

19   "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124,

20   1128 (9th Cir. 1998).

21         The deliberate indifference standard involves an objective and a subjective prong.  First,

22   the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan,

23   511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

24   official must "know of and disregard an excessive risk to inmate health or safety."  Farmer, 511

25   U.S. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for

26   denying humane conditions of confinement only if he knows that inmates face a substantial risk

27   of harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511

28   U.S. at 835.  Prison officials may avoid liability by presenting evidence that they lacked

6

1  knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to

2  the risk.  Farmer, 511 U.S. at 844-45.  Mere negligence on the part of the prison official is not

3  sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer,

4  511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327,

5  330-32 (1986).

6        "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

7  Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

8  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

9  responsive to contemporary standards of decency."  Id. at 8 (*quotations and citations omitted*).

10  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

11  confinement claim."  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause

12  routine discomfort is part of the penalty that criminal offenders pay for their offenses against

13  society, only those deprivations denying the minimal civilized measure of life's necessities are

14  sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (*quotations and*

15  *citations omitted*).  "[E]xtreme deprivations are required to make out a conditions-of-

16  confinement claim."  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (*internal quotation marks and*

17  *citations omitted*).

18        Plaintiff again alleges no facts that would give rise to an Eighth Amendment claim for

19  being subjected to the debriefing process.  Plaintiff's contention that being held in the debriefing

20  building put him at risk of retaliation by other inmates who might think he was a snitch.

21  However, this does not rise to the level of an "extreme deprivation" sufficient to raise an Eighth

22  Amendment claim.

23        *5.  Inmate Appeals Process*

24        Plaintiff next complains that defendants Wagner and Kerts denied him his right to a new

25  investigation even though they knew that certain information was fabricated.

26        There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held

27  that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance

28  procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855

7

1   F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly

2   implement, an administrative appeals process within the prison system does not raise

3   constitutional concerns.  <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988).  <u>See</u> <u>also</u>,  <u>Buckley</u>

4   <u>v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.1991); <u>Azeez</u>

5   <u>v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

6   right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise

7   to a protected liberty interest requiring the procedural protections envisioned by the fourteenth

8   amendment").  A failure to process a grievance does not state a constitutional violation.  <u>Buckley</u>,

9   <u>supra</u>.  State regulations give rise to a liberty interest protected by the Due Process Clause of the

10  federal constitution only if those regulations pertain to "freedom from restraint" that "imposes

11  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

12  life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

13          Further, Plaintiff does not have a protected liberty interest in having his grievances

14  investigated at the level of thoroughness that he desires; thus, he cannot assert a due process

15  claim as to such failures.  Under the applicable standard set forth in <u>Sandin</u> above, the failure to

16  conduct an extensive investigation into Plaintiff's charges does not impose an "atypical and

17  significant hardship" upon Plaintiff sufficient to create a protected liberty interest.

18          ***6. Conspiracy***

19          In the context of conspiracy claims brought pursuant to Section 1983, such a complaint

20  must "allege [some] facts to support the existence of a conspiracy among the defendants."

21  <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los</u>

22  <u>Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that

23  defendants conspired or acted jointly in concert and that some overt act was done in furtherance

24  of the conspiracy.  <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

25          Plaintiff has not alleged any facts supporting the existence of a conspiracy between

26  Defendants.  Plaintiff states only that the Defendants conspired to violate his rights, this

27  statement, however is a conclusion.  Plaintiff does not state specifically how they conspired, what

28  right the Defendants conspired to violate or what actions were taken.

**D.  CONCLUSION**

The Court finds that Plaintiff's Amended Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.  1980).  The Second Amended Complaint must specifically state how each Defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.  Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588 F.2d 740, 743 (9th Cir.  1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be ***complete in itself without reference to any prior pleading.***  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2.      The Amended Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

a.      File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

1           b.     Notify the Court in writing that he does not wish to file a Second

2    Amended Complaint and pursue the action but instead wishes to voluntary

3    dismiss the case.

4        Plaintiff is forewarned that his failure to comply with this Order may result in a

5    Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

6    IT IS SO ORDERED.

7    **Dated:   March 13, 2006**           **/s/ Lawrence J. O'Neill**
     b9ed48                UNITED STATES MAGISTRATE JUDGE

10